UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PEACE LOVE LIGHTNING,<br><br>    Plaintiff,<br><br>  v.<br><br>OFFICER 1, et al.,<br><br>    Defendants. | Case No. 23-cv-05067-TSH<br><br>**ORDER TO SHOW CAUSE RE: PERSONAL JURISDICTION** |

Plaintiff Peace Love Lightning, proceeding pro se, brings this case against police officers in Bartlett, Tennessee, alleging constitutional violations related to an incident that took place at a Walmart parking lot in Bartlett in June 2023. Compl., ECF No. 1. However, Plaintiff's complaint fails to establish any basis for asserting personal jurisdiction over the out-of-state defendants.

"Federal courts ordinarily follow state law in determining the bounds of their jurisdiction over persons." *Daimler AG v. Bauman*, 571 U.S. 117, 125 (2014). Where "there is no applicable federal statute governing personal jurisdiction, the law of the state in which the district court sits applies." *Harris Rutsky & Co. Ins. Servs. v. Bell & Clements Ltd.*, 328 F.3d 1122, 1129 (9th Cir. 2003) (citations omitted). California's long-arm statute is co-extensive with the federal due process clause. Cal. Civ. P. Code § 410.10. Therefore, this court must determine whether the exercise of jurisdiction over the defendants "comports with the limits imposed by federal due process." *Daimler*, 571 U.S. at 125. To satisfy due process, a defendant must have sufficient "minimum contacts" with the forum state that "maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945). The two recognized bases for exercising personal jurisdiction over a nonresident

defendant are "general jurisdiction" and "specific jurisdiction." *Doe v. Am. Nat. Red Cross*, 112 F.3d 1048, 1050 (9th Cir. 1997).

General jurisdiction over a nonresident defendant exists when the defendant engages in "continuous and systematic general business contacts" that "approximate physical presence in the forum state." *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 801 (9th Cir. 2004) (internal citations and quotation marks omitted). Here, nowhere does Plaintiff allege that any of the defendants have had any contact with the state of California, let alone "continuous and systematic general business contacts." According to the complaint, all of the at-issue conduct took place in Tennessee, and the defendants are officers in that state. Plaintiff has thus not pled a basis for general jurisdiction over the defendants here.

Specific jurisdiction exists if three prongs are satisfied: "(1) [t]he non-resident defendant must purposefully direct his activities or consummate some transaction with the forum or resident thereof; or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws; (2) the claim must be one which arises out of or relates to the defendant's forum-related activities; and (3) the exercise of jurisdiction must comport with fair play and substantial justice, i.e. it must be reasonable." *Schwarzenegger*, 374 F.3d at 802. The plaintiff has the burden of proving the first two prongs. *Id.* If plaintiff does so, the defendant must demonstrate that the court's exercise of personal jurisdiction would be unreasonable. *Id.* Here, again, all of the conduct alleged occurred in Tennessee. There is no allegation that Defendants directed their activities toward California—as opposed to at Plaintiff—who appears to be a California resident. Comp. at 2. Likewise, Defendants are not alleged to have engaged in any forum-related activities. Under these circumstances, Plaintiff has not alleged a basis for specific jurisdiction.

Accordingly, the Court **ORDERS** Plaintiff to **SHOW CAUSE** as to how the Court has personal jurisdiction over any of the Defendants here. Alternatively, Plaintiff may request that this mattered be transferred to the Western District of Tennessee pursuant to the federal transfer statute, 28 U.S.C. § 1631, which provides that whenever the court finds that "there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action or appeal to any

1  other court in which the action or appeal could have been brought at the time it was filed or
2  noticed[.]"  Plaintiff must file a written response to the Court's Order to Show Cause by October
3  18, 2023.  Failure to do so may result in dismissal of this action for lack of personal jurisdiction.
4  **IT IS SO ORDERED.**

6  Dated: October 4, 2023

_____
THOMAS S. HIXSON
United States Magistrate Judge

3