UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PEACE LOVE LIGHTNING,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>OFFICER 1, et al.,<br><br>　　　　　Defendants. | Case No. 23-cv-05067-TSH<br><br>**ORDER GRANTING MOTION TO TRANSFER VENUE**<br><br>Re: Dkt. No. 12 |

## I.    INTRODUCTION

Self-represented Plaintiff Peace Love Lightning brings this case against Defendants City of Bartlett, Tennessee and police officers in Bartlett (Patrol Officer Worthy, SWAT Official Giannini, and unnamed Bartlett Patrol Officer #1), alleging constitutional violations related to an incident that took place in Bartlett.  Pending before the Court is Defendants City of Bartlett, Patrol Officer Worthy, and SWAT Officer Giannini's motion to transfer venue to the Western District of Tennessee, Western Division, pursuant to 28 U.S.C. §§ 1391(b) and 1406.  ECF No. 12.  No response has been received.[1]  The Court finds this matter suitable for disposition without oral argument and **VACATES** the January 25, 2024 hearing.  *See* Civ. L.R. 7-1(b).  Having considered Defendants' motion, relevant legal authority, and the record in this case, the Court **GRANTS** the motion for the following reasons.[2]

---

[1] Plaintiff instead filed a motion for default judgment, which remains pending and is not considered as part of this order.

[2] "Because an order transferring venue . . . does not address the merits of the case, it is a nondispositive matter that is within the province of a magistrate judge's authority under 28 U.S.C. § 636(b)(1)(A)."  *Pavao v. Unifund CCR Partners*, 934 F. Supp. 2d 1238, 1241 n.1 (S.D. Cal. 2013) (collecting cases); *see also Oliver v. Peluso*, 2020 WL 6136745, at *4 n. 2 (N.D. Cal. Oct. 19, 2020) ("Venue transfer is a non-dispositive matter and, thus, it falls within the scope of the jurisdiction of the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(A).").

## II.   BACKGROUND

Plaintiff alleges that on June 17, 2023, the three defendant police officers approached his car in the Wal-Mart Supercenter parking lot at 8400 Highway 64 in Bartlett, Tennessee. Compl. at 4, 7, ECF No. 1. Plaintiff alleges he is "recognized as a sovereign civilian," and he gave one of the officers a "Point of Contact Contract." *Id.* at 7. He further alleges "[t]he officers gave back the contract offer and again asked for identification," and he "no longer cared to continue to engage or consult with them . . . ." *Id.* Plaintiff alleges the officers ultimately searched his car and detained him based on "CBD cannabis" they found in the car. *Id.* at 8-9. Although contesting the veracity of the report, Plaintiff alleges that he was charged with "public intoxication, disorderly conduct as well as simple possession of less than 1 gram of cannabis." *Id.* at 9.

Plaintiff filed this case on October 3, 2023, alleging violations of the Fourth, Eighth, and Fourteenth Amendments under 42 U.S.C. § 1983. *Id.* at 3. As the alleged conduct took place in Tennessee and the defendants are in that state, on October 4 the Court directed Plaintiff to explain how the Court has personal jurisdiction over any of the Defendants here or, alternatively, to show cause why this matter should not be transferred to the Western District of Tennessee. ECF No. 3. In response, Plaintiff indicated he is "now aware that the proper Venue is the District where the defendants reside or spend most of their time, or where the majority of the action which caused said complaint occurred," but he "walked directly into the Clerk of Court's office in the nearest District court and filed in person reasoning that made the most logical sense. Mr. Lightning would not be able to do so in the Western District of Tennessee without finding the process almost time and cost prohibitive." ECF No. 4. Plaintiff requested "this Court to make the, perhaps, first decision of its kind on the books, but the right decision in the aim for Truth and Justice" by allowing his case to proceed in this District. *Id.* "If the court cannot hear and decide this important case then the Plaintiff, respectfully, asks the Court to transfer this case to the appropriate Venue, that of the Western District of Tennessee. If that is not possible then the Plaintiff respectfully asks for a return of his filing fee so it can be used in the proper Venue." *Id.* Given Plaintiff's response, and that Defendants could waive any objection to the case being heard here once they had been served, the Court in its discretion permitted the case to proceed in this District

pending Defendants' appearance. ECF No. 5.

Defendants filed the present motion on December 20, 2023.

### III. LEGAL STANDARD

The federal venue statute requires that a civil action be brought in

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
>
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
>
> (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b). Plaintiff has the burden to show venue is proper in this District. *Piedmont Label Co. v. Sun Garden Packing Co.*, 598 F.2d 491, 496 (9th Cir. 1979). If venue is improper here, the Court must dismiss the case, "or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a).

### IV. DISCUSSION

Based on the allegations in the complaint, the Court finds that venue is improper. There is no dispute that none of the defendants reside here and none of the events giving rise to Plaintiff's claims occurred here. Further, Plaintiff admits he is "now aware that the proper Venue is the District where the defendants reside or spend most of their time, or where the majority of the action which caused said complaint occurred." ECF No. 4; *see also id.* ("If the court cannot hear and decide this important case then the Plaintiff, respectfully, asks the Court to transfer this case to the appropriate Venue, that of the Western District of Tennessee."). *Id.* As such, the Court finds Plaintiff has not met his burden to show that venue is proper in the Northern District of California.

As venue is improper here, Section 1406(a) directs the Court to determine whether the case should be dismissed or transferred. The Court finds it is in the interest of justice to transfer this case rather than dismiss it "because normally dismissal of an action that could be brought elsewhere is 'time-consuming and justice-defeating.'" *Miller v. Hambrick*, 905 F.2d 259, 262 (9th Cir. 1990); *Goldlawr, Inc. v. Heiman*, 369 U.S. 463, 466–67 (1962) (explaining Section 1406(a)'s

3

purpose of facilitating adjudication on the merits). Therefore, because this case was filed in the wrong district, it should be transferred pursuant to 28 U.S.C. § 1406(a) to the Western District of Tennessee, Western Division, where "it could have been brought" originally. 28 U.S.C. § 1406(a)

## V. CONCLUSION

For the reasons stated above, the Court **GRANTS** Defendants' motion to transfer venue. The Clerk of Court is directed to transfer this case to the United States District Court for the Western District of Tennessee, Western Division.

**IT IS SO ORDERED.**

Dated: January 9, 2024

THOMAS S. HIXSON
United States Magistrate Judge

4